UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK LEE SMITH,

    Petitioner,

v.                                     CASE NO. 5:17-cv-10806
                                       HONORABLE JOHN CORBETT O'MEARA

E.C. BROOKS CORRECTIONAL
FACILITY WARDEN,

    Respondent.
_____/

**OPINION AND ORDER
(1) DENYING PETITIONER'S MOTIONS TO GRANT THE WRIT OF HABEAS CORPUS OR TO ORDER A RESPONSIVE PLEADING (ECF NOS. 4 AND 5),
(2) GRANTING PETITIONER'S MOTION FOR A STATUS REPORT (ECF NO. 6),
AND (3) DISMISSING THE HABEAS PETITION (ECF NO. 1) AS DUPLICATIVE**

This matter has come before the Court on petitioner Derrick Lee Smith's *pro se* habeas corpus petition under 28 U.S.C. § 2254. The pleading challenges Petitioner's plea-based convictions for two counts of kidnaping, Mich. Comp. Laws § 750.349, and six counts of criminal sexual conduct in the first degree, Mich. Comp. Laws § 750.520b(1)(c). In 2008, the trial court sentenced Petitioner to eight concurrent terms of twenty-two and a half to seventy-five years in prison. Petitioner appealed his convictions and sentence, but the Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented," *People v. Smith*, No. 294843 (Mich. Ct. App. Jan. 4, 2010), and on May 25, 2010, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issues, *People v. Smith*, 486 Mich. 929; 781 N.W.2d 818 (2010) (table).

1

In 2010, Petitioner filed a *pro se* habeas petition in which he challenged the same kidnaping and criminal-sexual-conduct convictions that are the subject of this case. The Court ultimately denied relief. *See Smith v. Bauman*, No. 5:10-cv-10052, Op. and Order Denying the Amended Pet. for Writ of Habeas Corpus (E.D. Mich. Mar. 9, 2016).

Petitioner filed several post-judgment motions in that case, including one that he titled "Motion for Leave to File Motion for Granting Writ of Habeas Corpus Based on New Claims . . . ." The motion sought to have the Court consider the following new claims: (1) Petitioner's plea and sentence are invalid because the trial court failed to inform Petitioner that he would be sentenced to lifetime electronic monitoring; and (2) the trial court miscalculated the sentencing guidelines. The Court construed the motion as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b) and then transferred the motion to the Sixth Circuit Court of Appeals as a second or successive habeas petition.

The Sixth Circuit subsequently ruled that, because Petitioner filed his motion before the time to appeal the denial of his habeas petition expired, the motion was not a second or successive habeas petition and that this Court should have ruled on the merits of Petitioner's motion as a motion to amend. The Sixth Circuit vacated this Court's order transferring Petitioner's motion to amend to the Sixth Circuit and remanded the case to this Court for consideration of the motion on its merits. *See In re Derrick Lee Smith*, No. 16-1616 (6th Cir. Apr. 10, 2017). In the meantime, Petitioner commenced this action by filing a habeas corpus petition raising the same issues that are now before the Court on remand from the Sixth Circuit in case number 5:10-cv-11052.

"The filing of multiple federal actions arising out of the same facts is strongly discouraged, and plaintiffs take such a course at the peril that the adjudication of one case will have preclusive effect on the other." *Twaddle v. Diem*, 200 F. App'x 435, 439 (6th Cir. 2006). Lawsuits are duplicative if they "involve 'nearly identical parties and issues.' " *Baatz v. Columbia Gas Transmission, LLC*, 814 F.3d 785, 789 (6th Cir. 2016) (quoting *Certified Restoration Dry Cleaning Network, LLC v. Tenke Corp.*, 511 F.3d 535, 551 (6th Cir. 2007) (quoting *Zide Sport Shop of Ohio v. Ed Tobergte Assoc., Inc.*,16 F. App'x 433, 437 (6th Cir. 2001)). When faced with a duplicative suit, a federal court may exercise its discretion to stay or dismiss the suit before it, allow both cases to proceed, or enjoin the parties from proceeding in the other suit. *Twaddle*, 200 F. App'x at 438.

> "[S]imple dismissal of the second suit is [a] common disposition because plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time." *Curtis v. Citibank, N.A.,* 226 F.3d 133, 138–39 (2d Cir. 2000); *see also Missouri v. Prudential Health Care Plan, Inc.,* 259 F.3d 949, 953–54 (8th Cir.2001) (joining other courts that have held a district court may dismiss one of two identical pending actions).

*Id*.

The habeas petition in this case challenges the same convictions and sentence that are currently under consideration on post-judgment review in case number 5:10-cv-11052. Petitioner is not entitled to maintain two actions on the same subject in the same court at the same time. *Id*. The Court, therefore, summarily DISMISSES the habeas petition in this case (ECF No. 1) as duplicative of the motion pending before the Court in case number 5:10-cv-11052.

As for Petitioner's pending motions in this case, the Court denies the motions to grant the writ of habeas corpus or to order a responsive pleading (ECF Nos. 4 and 5),

but grants Petitioner's motion for a status report (ECF No. 6). This case is hereby closed.

Date: July 26, 2017                    s/John Corbett O'Meara
                                       United States District Judge


I hereby certify that on July 26, 2017 a copy of this order was served upon the parties of record using the ECF system and/or by first-class U.S. mail.

                                       s/William Barkholz
                                       Case Manager

4